# EXHIBIT 2

KYLE MILLETT

v.

MID-CENTURY INSURANCE COMPANY, et al.

**DEFENDANT, MID-CENTURY INSURANCE COMPANY'S PETITION FOR REMOVAL**

# EXHIBIT 2

**Plaintiff's Complaint**

Electronically Filed
08/05/2016 09:57:34 AM

CLERK OF THE COURT

**COMP**
BRIAN P. CLARK
Nevada Bar No. 4236
LUKAS B. McCOURT
Nevada Bar No. 11839
CLARK MCCOURT
7371 Prairie Falcon Road, Ste. 120
Las Vegas, Nevada 89128
Telephone: (702) 474-0065
Facsimile: (702) 474-0068
bpc@clarkmccourt.com
lmccourt@clarkmccourt.com
Attorneys for Plaintiff

Doren E. Hohl
SEP 19 2016
SERVICE OF PROCESS

## DISTRICT COURT

## CLARK COUNTY, NEVADA

| | |
|---|---|
| KYLE MILLETT, individually,<br><br>    Plaintiff,<br><br>v.<br><br>MID-CENTURY INSURANCE COMPANY; DOES I through X; and ROE CORPORATIONS I through X, inclusive,<br><br>    Defendants. | Case No.: A-16-741242-C<br>Dept. No.: XXVII<br><br>**COMPLAINT** |

Plaintiff Kyle Millett, by and through his attorneys, of the law firm Clark McCourt, and as for his causes of action against Defendants, alleges as follows:

1. At all times relevant to the events in this action Plaintiff was and is a resident of the County of Clark, State of Nevada.

2. Plaintiff is informed, believes, and thereon alleges, that Defendant Mid-Century Insurance Company (hereinafter "Mid-Century") is a corporation domiciled in the State of California, and doing business in the State of Nevada.

3. Plaintiff filed suit (Case A-14-700273-C) against Tamara Craig for injuries arising as a result of a motor vehicle accident and was awarded a judgement against Craig in the amount of $383,302.68 for past medical specials and pain an suffering.

4. As a result of a judgment and order in the previous case (Case A-14-700273-C) Plaintiff was granted Tamara Craig's personal property assignment of the right of action against her

1  insurance company Mid-Century.

2  5.  Upon information and belief, pursuant to the plain language of the contract for
3  insurance, Mid-Century is the company providing the insurance identified in the policy issued to
4  Tamara Craig.

5  6.  That as insurers of Tamara Craig, Mid-Century owed contractual and common duties
6  to Tamara Craig.

7  7.  Upon information and belief the policy Craig had covered non-commercial vehicles
8  which do not require a commercial driver's license.

9  8.  That the 12,000 gross vehicle weight defined under Craig's policy is not plain
10  language.

11  9.  That as an insurer of Tamara Craig, Mid-Century has a special relationship to Tamara
12  Craig.

13  10.  Prior to September 16, 2013, Tamara Craig purchased a policy of automobile
14  insurance from Mid Century. The policy of insurance included coverage for the actions and liability
15  of comprehensive and collision coverage.

16  11.  That Mid Century is liable to Tamara Craig for benefits pursuant to the
17  comprehensive and collision motorist coverage of one or more policies of insurance issued by Mid-
18  Century.

19  **FACTS COMMON TO ALL CLAIMS FOR RELIEF**

20  12.  On September 16, 2013, Tamara Craig was an insured of Defendant Mid Century.

21  13.  On September 16, 2013, Tamara Craig was operating a non-commercial rental
22  vehicle when she struck Plaintiff's vehicle causing injuries to him.

23  14.  The negligence of Tamara Craig was the sole and proximate cause of the collision
24  between the vehicles.

25  15.  The negligence of Tamara Craig was the sole and proximate cause of the physical
26  injuries to Plaintiff.

27  16.  Plaintiff in no way contributed to his injuries and was not suffering from any injury,
28  or pain, prior to this motor vehicle collision.

17. As a direct and proximate result of the collision caused by Tamara Craig, Plaintiff suffered serious permanent injuries.

18. As a direct and proximate result of the collision caused by Tamara Craig, Plaintiff incurred medical expenses in excess of $10,000.00.

19. Based on the extent of injuries and damages and the liability of Tamara Craig, Plaintiff was awarded a judgment for the amount of $383,302.68.

20. Shortly after the subject motor vehicle accident, Defendant Mid Century was made aware of the accident by Plaintiff's attorneys.

21. On November 13, 2013, Plaintiff Millett made a demand for benefits pursuant to the comprehensive and collision motorist coverage of Tamara Craig's insurance policy requesting a response within 15 days.

22. On or before November 13, 2013 Defendant Mid Century was aware that Plaintiff's damages exceeded $25,000.

23. On November 15, 2013 Mid-Century replied with a letter denying coverage for the collision caused by Tamara Craig citing language in the policy referencing weight restriction

24. On November 15, 2013 Mid-Century denied coverage because the policy language states, "Rental vehicle means any private passenger car, utility car, or utility trailer having a gross vehicle weight of 12,000 pounds or less. . .".

25. Tamara Craig was driving a non-commercial vehicle that did not require a commercial driver's license and she was transporting her own belongings not for commercial use.

26. Craig complied with every request by Mid-Century for information concerning the accident and her injuries.

27. Craig has satisfied every obligation required of her under the insurance policy issued by Mid-Century.

28. On information and belief, prior to October 27, 2015, Defendant Mid-Century had implemented company policies, procedures and/or guidelines regarding

    (2) Defendant's obligations to comply with the requirements of NAC 686A;

    (3) Defendant's obligations to comply with NRS 686A;

## FIRST CLAIM FOR RELIEF

### (Breach of Contract)

29. Plaintiff repeats and restates the allegations of each prior paragraph.

30. Plaintiff and Defendant Mid-Century are parties to a valid insurance contract.

31. The insurance contract between Craig and Mid-Century creates an obligation on Mid-Century to pay for the actions and liability to third party claimants that are injured as a result of Craig's negligence.

32. Defendants, through their employee(s) and agent(s) have breached their contractual obligations to Craig.

33. Craig has sustained injury and damages by way of a judgment against her as a direct and proximate result of Defendant's breach of contract.

34. Craig has been damaged in an amount of $383,302.68 as a result of Defendant's breach of contract.

## SECOND CLAIM FOR RELIEF

### (Violation of the Unfair Claims Practices Act)

35. Plaintiff repeats and restates the allegations of each prior paragraph.

36. There is in the State of Nevada a statute which prohibits unfair practices in handling insurance claims, NRS 686A.310.

37. Defendants have engaged in the following unfair practices:

   a. Failing to effectuate prompt, fair and equitable settlements of claims in which liability of the insurer has become reasonably clear, NRS 686A.301(1)(e);

   b. Compelling insureds to institute litigation to recover amounts due under an insurance policy by offering substantially less than the amounts ultimately recovered in actions brought by such insureds, when the insureds have made claims for amounts reasonably similar to the amounts ultimately recovered, NRS 686A.310(1)(f);

   c. Failing to provide promptly to an insured a reasonable explanation of the basis in the insurance policy, with respect to the facts of the insured's claims

1 | and the applicable law, for the denial of the claim or for an offer to settle or
2 | compromise the claim, NRS 686A.310(1)(n).
3 | 38. Defendant, through its employee(s) and agent(s) have violated NRS 686A.310.
4 | 39. Craig has sustained injury and damages as a direct and proximate result of
5 | Defendant's violations of statute.
6 | 40. Defendant's conduct warrants an award of punitive damages.
7 | 41. Craig has been damaged in the amount of $383,302.68 as a result of Defendant's
8 | violations of NRS 686A.310.

### THIRD CLAIM FOR RELIEF

**(Tortious Breach of Covenant of Good Faith and Fair Dealing)**

42. Plaintiff repeats and restates the allegations of each prior paragraph.
43. Craig and Defendant Mid-Century entered into a contract for insurance.
44. Defendant owed a duty of good faith to Craig arising from the contract of insurance.
45. A special element of reliance exists between Craig and Defendant as Defendant is in a superior and entrusted position.
46. Defendant's conduct making misrepresentations concerning the conduct, activities and basis for denying Craig's insurance benefits to Plaintiff Millett was done with knowledge of, or the reckless disregard of, the lack of a reasonable basis for denial of Plaintiff Millett's claim and constitutes malice.
47. Defendant's conduct warrants an award of punitive damages.
48. Craig has been damaged as a result of Defendant's misconduct.

///
///
///
///
///
///
///

WHEREFORE, Plaintiff prays for judgment as against Defendants, and each of them, as follows:

1. For damages related to Defendant's breach of contract;
2. For damages related to Defendant's violation of NRS 686A.310;
3. For damages related to Defendant's tortious breach of the covenant of good faith and fair dealing, including punitive damages;
4. For damages related to Defendant's negligent misrepresentations, including punitive damages;
5. For prejudgment interest;
6. For costs of suit;
7. For such other and further relief that may be requested at the time of trial

DATED this 5th day of August, 2016.

CLARK MCCOURT

_____
Brian P. Clark
Nevada Bar No. 4236
Lukas B. McCourt
Nevada Bar No. 11839
7371 Prairie Falcon Road, Ste 120
Las Vegas, NV 89128
Attorneys for Plaintiff

```
                                                    Electronically Filed
1   IAFD                                            08/05/2016 09:58:16 AM
    BRIAN P. CLARK
2   Nevada Bar No. 4236
    LUKAS B. McCOURT
3   Nevada Bar No. 11839                            CLERK OF THE COURT
    CLARK MCCOURT
4   7371 Prairie Falcon Road, Suite 120
    Las Vegas, Nevada 89128
5   Telephone: (702) 474-0065
    Facsimile:  (702) 474-0068
6   bpc@clarkmccourt.com
    lmccourt@clarkmccourt.com
7   Attorneys for Plaintiff
```

DISTRICT COURT

CLARK COUNTY, NEVADA

| | |
|---|---|
| KYLE MILLETT, individually, | Case No.: A-16-741242-C |
| Plaintiff, | Dept. No.: XXVII |
| v. | |
| MID-CENTURY INSURANCE COMPANY; DOES I through X; and ROE CORPORATIONS I through X, inclusive, | **INITIAL APPEARANCE FEE DISCLOSURE** |
| Defendants. | |

Pursuant to NRS Chapter 19, as amended by Senate Bill 106, filing fees are submitted for parties appearing in the above entitled action as indicated below:

| | |
|---|---|
| Kyle Millett | $270.00 |
| TOTAL: | $270.00 |

DATED this 5th day of August, 2016.

CLARK MCCOURT

/s/ Brian P. Clark
Brian P. Clark
Nevada Bar No. 4236
Lukas B. McCourt
Nevada Bar No. 11839
7371 Prairie Falcon Road, Suite 120
Las Vegas, NV 89128
Attorneys for Plaintiff

Page 1 of 1

A-16-741242-C
XXVII

RECEIVED
SEP 8 2016

# DISTRICT COURT CIVIL COVER SHEET
...................................County, Nevada
Case No. ........................................
*(Assigned by Clerk's Office)*

## I. Party Information *(provide both home and mailing addresses if different)*

| Plaintiff(s) (name/address/phone): | Defendant(s) (name/address/phone): |
|---|---|
| KYLE MILLET | MID-CENTURY INSURANCE COMPANY |
| | |
| Attorney (name/address/phone): | Attorney (name/address/phone): Doren E. Hohl |
| Brian P. Clark, Bar No. 4236 | SEP 19 2016 |
| Lukas B. McCourt, Bar No. 11839 | |
| 7371 Prairie Falcon Road, Suite 120 | |
| Las Vegas, NV 89128 (702) 474-0065 | SERVICE OF PROCESS |

RECEIVED SEP 14 2016 (CC)

## II. Nature of Controversy *(please select the one most applicable filing type below)*

### Civil Case Filing Types

| Real Property | | Torts | |
|---|---|---|---|
| **Landlord/Tenant** | **Negligence** | **Other Torts** | |
| ☐ Unlawful Detainer | ☒ Auto | ☐ Product Liability | |
| ☐ Other Landlord/Tenant | ☐ Premises Liability | ☐ Intentional Misconduct | |
| **Title to Property** | ☐ Other Negligence | ☐ Employment Tort | |
| ☐ Judicial Foreclosure | **Malpractice** | ☐ Insurance Tort | |
| ☐ Other Title to Property | ☐ Medical/Dental | ☐ Other Tort | |
| **Other Real Property** | ☐ Legal | | |
| ☐ Condemnation/Eminent Domain | ☐ Accounting | | |
| ☐ Other Real Property | ☐ Other Malpractice | | |
| **Probate** | **Construction Defect & Contract** | **Judicial Review/Appeal** | |
| **Probate** *(select case type and estate value)* | **Construction Defect** | **Judicial Review** | |
| ☐ Summary Administration | ☐ Chapter 40 | ☐ Foreclosure Mediation Case | |
| ☐ General Administration | ☐ Other Construction Defect | ☐ Petition to Seal Records | |
| ☐ Special Administration | **Contract Case** | ☐ Mental Competency | |
| ☐ Set Aside | ☐ Uniform Commercial Code | **Nevada State Agency Appeal** | |
| ☐ Trust/Conservatorship | ☐ Building and Construction | ☐ Department of Motor Vehicle | |
| ☐ Other Probate | ☐ Insurance Carrier | ☐ Worker's Compensation | |
| **Estate Value** | ☐ Commercial Instrument | ☐ Other Nevada State Agency | |
| ☐ Over $200,000 | ☐ Collection of Accounts | **Appeal Other** | |
| ☐ Between $100,000 and $200,000 | ☐ Employment Contract | ☐ Appeal from Lower Court | |
| ☐ Under $100,000 or Unknown | ☐ Other Contract | ☐ Other Judicial Review/Appeal | |
| ☐ Under $2,500 | | | |
| **Civil Writ** | | **Other Civil Filing** | |
| **Civil Writ** | | **Other Civil Filing** | |
| ☐ Writ of Habeas Corpus | ☐ Writ of Prohibition | ☐ Compromise of Minor's Claim | |
| ☐ Writ of Mandamus | ☐ Other Civil Writ | ☐ Foreign Judgment | |
| ☐ Writ of Quo Warrant | | ☐ Other Civil Matters | |

*Business Court filings should be filed using the Business Court civil coversheet.*

8/5/16
Date

Signature of initiating party or representative

*See other side for family-related case filings.*

Nevada AOC - Research Statistics Unit
Pursuant to NRS 3.275

Form PA 201
Rev 3.1

